**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

**ROBERT H. ROBINSON, JR.**
*JUDGE*

**Sussex County Courthouse**
**1 The Circle, Suite 2**
**Georgetown, DE 19947**
**Telephone: (302) 856-5264**

July 22, 2021

Daniel C. Kerrick, Esquire
Hogan McDaniel
1311 Delaware Avenue
Wilmington, DE 19806

Mr. Paul L. Betts
22639 East Trap Pond Road
Georgetown, DE 19947

Re:     *AccessLexx Institute v. Kimberly D. Betts, et al.*
          **Civil Action Number:  S19C-07-011 RHR**

Dear Mr. Betts and Counsel:

After consideration of the parties' cross-motions for summary judgment, the Court grants Plaintiff AccessLex Institute d/b/a Access Group's ("Access Group") Motion for Summary Judgment and denies Defendant Paul L. Betts' ("Betts") Cross-Motion for Summary Judgment for the reasons that follow.

On July 14, 2001, Betts co-signed a loan agreement for two loans totaling $18,220.00 (the "Loan Agreement") for his daughter, Kimberly Betts, to attend law school. The Loan Agreement was a private education loan that was eventually acquired by Access Group.

On July 10, 2019, Access Group filed a Complaint against Betts and his daughter seeking $7,639.84, plus post-judgment interest and court costs for the unpaid student loan account. Christopher J. Mulvihill, Access Group's authorized representative, supplied an affidavit supporting the loan default and account balance. The Complaint also demanded an affidavit of defense pursuant to 10 *Del. C.* § 3901.

On or about July 22, 2019, Betts filed an Answer and stated that he lacked sufficient knowledge to admit or deny each of the allegations asserted in the Complaint. Betts proffered one affirmative defense: that Access Group's claim was barred by the statute of limitations. Kimberly Betts did not respond to the Complaint and this Court entered a default judgment against her on August 9, 2019.[1]

Plaintiff served its discovery requests on Betts on November 4, 2020. In his response to the First Set of Requests for Admission, Betts answered as follows:

1. Admit that Defendant cosigned the Note, Exhibit A attached hereto.
   ANSWER: Admitted Defendant signed document. Lacks sufficient information to state if that is "co-signed".

   ...

3. Admit that the Note contains a true and correct signature from Defendant.
   ANSWER: Admitted.
4. Admit the Note cosigner, Kimberly D. Betts, attended [law school].
   ANSWER: Admitted that she attended for 1 year.

---

[1] The record reflects that Kimberly Betts and Access Group agreed to a post-judgment payment plan. After that agreement made, she made payments in March and April of 2020 but made no further payments. These payments were made after the filing of Access Group's Complaint and are not relevant to the timeliness discussion set forth herein.

5. Admit that Defendant promised to make monthly payments in exchange for the Loan.
ANSWER: Denied. I expected my daughter to do that.[2]

On February 5, 2021, Access Group filed its Motion for Summary Judgment arguing: 1) Betts, as cosigner, is bound by the Loan Agreement; 2) the applicable statute of limitations does not bar Access Group's claim against Betts; and 3) there are no genuine issues of material fact remaining that preclude this Court from entering summary judgment in Access Group's favor.

Betts filed a Response to Access Group's Motion for Summary Judgment and a Cross-Motion for Summary Judgment. In this filing, Betts states: "I do not dispute that I signed the agreements and that I *was* bound by their terms. However, I believe the only issues in this matter are: 1. What was the time limit for filing suit against me? 2. Was this lawsuit file[d] within that time?" He argues that the statute of limitations should run from the date of the first default, March 28, 2013, and that any payments made after that date did not toll the statue of limitations on any claims against him, because those payments were made solely by his daughter and without his knowledge.

Summary judgment will be granted under Superior Court Civil Rule 56 if, after providing adequate time for discovery, there are no material issues of fact in

---

[2] Exhibit 5 to Plaintiff's Motion for Summary Judgment.

dispute.[3] The moving party initially bears the burden to prove the absence of such issues.[4] Once satisfied, the burden shifts to the nonmoving party to demonstrate that material issues of fact are still in dispute.[5] The Court views facts in a light most favorable to the nonmoving party.[6] Where, as here, the parties file cross-motions for summary judgment, a party "moving for summary judgment concedes the absence of a factual issue and the truth of the nonmoving party's allegations only for the purposes of its own motion, and does not waive its right to assert that there are disputed facts that preclude summary judgment."[7]

As to Betts' first question, the statute of limitations that applies to this case is six years: "When a cause of action arises from a promissory note . . . the action may be commenced at any time within 6 years from the accruing of such cause of action."[8]

As to Betts' second question: "An action upon a promissory note accrues at the time of the first default."[9] However, partial payments made on promissory notes

---

[3] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979); Del. Super. Ct. Civ. R. 56(c).
[4] *Sizemore,* 405 A.2d at 680.
[5] *Id*. at 681.
[6] *Yancy v. Tri State Mall Ltd. P'ship*, 2014 WL 2538805, at *2 (Del. Super. May 29, 2014).
[7] *Capano v. Lockwood*, 2013 WL 2724634, at *2 (Del. Super. May 31, 2013).
[8] 10 *Del. C.* § 8109; *see Kpakiwa v. Brazos Student Fin. Corp.*, 2010 WL 2653413, at *1 (Del. Super. Jul. 1, 2010) (applying six-year statute of limitations to a debt action where the appellants co-signed a loan agreement for their son).
[9] *Wells Fargo Bank, NA v. Strong*, 2015 WL 6000514, at *2 (Del. Super. Oct. 6, 2015).

toll the statute of limitations.[10] The affidavit from Mr. Mulvihill shows there was an initial default under the loan agreement on March 28, 2013 due to non-payment. This default would ordinarily start the six-year statute of limitations. However, the affidavit also avers that the last payment was made on November 28, 2016. Therefore, Access Group had six years from November 28, 2016 to bring its action against Betts, which it did.

Betts attempts to distinguish the statute of limitations as it relates to his obligations as cosigner from the statute of limitations as it relates to his daughter's resumption of partial payments. He argues that he never made any payments, did not make or know about the payments that restarted the statute of limitations, and had no familiarity with his daughter's payment history. However, the Cosigner Application and Loan Agreement that Betts admits he signed on July 14, 2001, contains unambiguous language under the section titled "Notices to Cosigner":

> You are being asked to guarantee this debt. Think carefully before you do. If the borrower doesn't pay the debt, you will have to. Be sure you can afford to pay if you have to and that you want to accept the responsibility. You may have to pay up to the full amount of the debt if the borrower does not pay. . . . The lender can collect this debt from you without first trying to collect it from the borrower. . . . NOTICE TO COSIGNER: YOUR SIGNATURE ON THIS NOTE MEANS THAT YOU ARE EQUALLY LIABLE FOR REPAYMENT OF THIS

---

[10] *Wilmington – 5190 Brandywine Parkway, LLC v. Acadia Brandywine Holdings*, LLC, 2020 WL 603859, at *14 n.93 (Del. Super. Feb. 7, 2020); *see also Dukes Lumber Co. v. Ewing*, 2006 WL 1277873, at *2 (Del. Ct. Com. Pl. May 10, 2006) ("[I]t is well-settled that the statute of limitations is tolled when a defendant provides payment on account of a debt that has not yet been barred by the statute of limitations.").

LOAN. IF THE BORROWER DOES NOT PAY, THE LENDER HAS A LEGAL RIGHT TO COLLECT FROM YOU."[11]

Under the language of this contract, Betts was obligated to repay the loan in the event his daughter did not. Neither his purported lack of knowledge of his daughter's payment history nor the fact that he, personally, did not make any payments to restart the statute of limitations is sufficient to avoid the terms of the Loan Agreement.

Finally, Betts points out that summary judgment may not be appropriate because—although he does not contest the amount owed—he does not admit the payment history as set forth in the account records attached to the Complaint; he states that he was not involved in making any of the payments and is unfamiliar with some of the codes and abbreviations in the documents. He is referring to the detailed spreadsheet attached to the Complaint documenting the date of each payment and the amount of each payment that was applied toward principal and interest, respectively. But this document is buttressed by an affidavit, signed by an authorized representative of Access Group and attached to the Complaint, that set forth the dates of the initial default, the dates of the last post-default payments, and the amounts due on each of the loans. Superior Court Civil Rule 56(e) controls the use of affidavits in motions for summary judgment:

> When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere

---

[11] Exhibit A to Plaintiff's Motion for Summary Judgment filed on February 5, 2021 (capitalization in original).

allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provide in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Betts has not countered with his own affidavit or otherwise provided any reason for Access Group's affidavit to be questioned. His lack of awareness of his daughter's payment history is not sufficient to disregard Access Group's affidavit establishing the date of initial default, the date of the post-default payment, and the balances owed.

Betts, as a co-signor of the Loan Agreement, is obligated to repay the Access Group, and Access Group has brought a valid claim within the applicable statute of limitations. There are no material issues of fact left for a jury to decide. Therefore, Summary Judgment in favor of Access Group must be **GRANTED**.

**IT IS SO ORDERED.**

Sincerely,

*/s/ Robert H. Robinson, Jr.*

Robert H. Robinson, Jr., Judge

cc: File & ServeXpress
     File